# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WENDT, Administratrix of the ESTATE OF JOHN F. WENDT, | No. 4:20-CV-220 |
| Plaintiff, | (Judge Brann) |
| v. | |
| CHARLES A. BUSSARD and SEVEN-D WHOLESALE, INC., | |
| Defendants. | |

## ORDER

### APRIL 15, 2020

**BACKGROUND:**

Plaintiff Patricia Wendt has moved to remand this case back to the Court of Common Pleas of Lackawanna County.[1]  This Court finds that Wendt never properly served Defendant Seven-D Wholesale Inc. in county court.  Wendt's failure to make proper service on Seven-D Wholesale yields complete diversity between the remaining parties to this action.  This diversity means that Defendant Charles A. Bussard's initial removal was appropriate, and defeats Wendt's motion.[2]

---

[1]   Doc. 5.

[2]   *See* 28 U.S.C. § 1441(b); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018).  Without Seven-D Wholesale, Inc. as a

Under Pennsylvania law, a plaintiff must serve "an executive officer, partner or trustee," "the manager, clerk or other person for the time being in charge of any regular place of business or activity," or an authorized agent in order to effect process upon a corporate entity such as Seven-D Wholesale Inc.[3] Wendt bears the burden of proving that she properly served Seven-D Wholesale Inc.[4]

The Lackawanna County Sheriff's Office verified that Wendt served "Arlene, clerk/PIC" at 650 North South Road in Scranton, Pennsylvania.[5] But Seven-D Wholesale Inc. has provided an affidavit attesting that it "does not now, nor has it ever, had an office or place of business at 650 North South Road, Scranton, Pennsylvania."[6] Further, this affidavit attests that the "Arlene" who accepted service is an employee of a different corporate entity—"Seven-D of Scranton, a division of Seven-D Wholesale of Pa, LP."[7] And it attests that

---

    defendant, the parties have complete diversity as Wendt is a citizen of Pennsylvania and this case's other defendant, Charles A. Bussard, is a citizen of Maryland. *See* Doc. 11 at ¶ 34.

[3] Pa.R.C.P. No. 424.

[4] *See Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. CV 15-6480, 2020 WL 93944, at *3 (E.D. Pa. Jan. 8, 2020). Seven-D Wholesale Inc. also argues that even if Wendt had properly served it, Wendt's joinder of Seven-D Wholesale Inc. was fraudulent. *See* Doc. 12 at 13-15. Because the Court finds that Wendt never properly served Seven-D Wholesale Inc., the Court finds it unnecessary to consider this second free-standing basis for denying Wendt's motion.

[5] Doc. 5-4.

[6] Doc. 11-2 at ¶ 4. Corporate information from the Pennsylvania Department of State confirms that Seven-D Wholesale Inc.'s registered address is in Altoona, Pennsylvania. Doc. 11-3.

[7] Doc. 11-2 at ¶ 12.

"Arlene" "is not, nor has she ever been, authorized to accept service on behalf of Seven-D Wholesale, Inc."[8]

Wendt has presented no evidence that "Arlene" was "an executive officer, partner or trustee." Wendt has not provided enough evidence to surmount the "strong presumption in Pennsylvania against piercing the corporate veil" and make out that Seven-D Wholesale of Pa, LP is an alter ego of Seven-D Wholesale Inc.[9] Overall, Wendt has failed to meet her burden of proving that she properly served Seven-D Wholesale Inc.[10]

**THEREFORE**, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. 5, is **DENIED.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8] Doc. 11-2 at ¶ 13.

[9] *See Trinity Indus., Inc. v. Greenlease Holding Co.*, 903 F.3d 333, 365-66 (3d Cir. 2018) (articulating the heavy burden that plaintiffs have when plaintiffs are trying to pierce the corporate veil).

[10] *See Botwinick v. Credit Exch., Inc.*, 213 A.2d 349, 354 (Pa. 1965) (service on Pennsylvania corporation was set aside when plaintiff could not pierce the veil to the real target of plaintiff's lawsuit, a New York corporation); *Gardler v. Wal-Mart Stores, Inc.*, No. CV 18-4689, 2019 WL 2489691, at *3 (E.D. Pa. June 12, 2019) (service against one WalMart corporate entity was ineffective where that entity "did not operate the store where service occurred—the store was run by" a different WalMart corporate entity).