# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WENDT, Administratrix of the ESTATE OF JOHN F. WENDT, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES A. BUSSARD and SEVEN-D WHOLESALE, INC., <br><br> Defendants. | No. 4:20-CV-00220 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### JUNE 2, 2020

### I.  BACKGROUND

Defendants have filed a partial motion to dismiss.  They seek to dismiss (a) "[a]ny and all claims for punitive damages" and (b) what they deem to be "improper negligence *per se* claims."  Following well-worn precedent, the Court will allow Plaintiff's punitive damages claims to continue to discovery.  But the negligence *per se* issue is a bit more complex.  As such, the Court grants Defendants' motion in part and denies it in part.  My reasoning is below.

### II.  DISCUSSION

#### A.  Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon

which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions. These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[8]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[2] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[3] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[4] *Neitzke*, 490 U.S. at 327.
[5] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662, 678 (2009).
[8] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

inference that the defendant is liable for the misconduct alleged."[10]  "Although the

plausibility standard does not impose a probability requirement, it does require a

pleading to show more than a sheer possibility that a defendant has acted

unlawfully."[11]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of

[wrongdoing]."[12]

The plausibility determination is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."[13]  No

matter the context, however, "[w]here a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'"[14]

When disposing of a motion to dismiss, the Court "accept[s] as true all

factual allegations in the complaint and draw[s] all inferences from the facts

alleged in the light most favorable to [the plaintiff]."[15]  However, "the tenet that a

court must accept as true all of the allegations contained in the complaint is

---

[10]  *Iqbal*, 556 U.S. at 678.
[11]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[12]  *Twombly*, 550 U.S. at 556.
[13]  *Iqbal*, 556 U.S. at 679.
[14]  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[15]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

inapplicable to legal conclusions."[16]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[18]

### B.    Analysis[19]

#### 1.    Punitive Damages

As I explained in a recent decision, "this Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery."[20]  In that case, *Kerlin v. Howard*, the plaintiff provided a complaint that I described as "sparse."  Indeed, in that case, I devoted a grand total of three sentences in my Memorandum Opinion to the relevant facts.  Yet, as "federal courts only require

---

[16]  *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[17]  *Iqbal*, 556 U.S. at 678.

[18]  *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[19]  I have accepted the facts Plaintiff has alleged in her Second Amended Complaint, *see* Doc. 17, as true.  As the reader will glean from my analysis, the issues Defendants raise in their motion sound in free-standing law, and not in the application of law to Plaintiff's alleged facts.  I include discussion of facts as necessary.

[20]  *Kerlin v. Howard*, No. 4:18-CV-00481, 2018 WL 4051702, at *2 (M.D. Pa. Aug. 24, 2018).  The other quotations in this paragraph are also from this Memorandum Opinion in *Kerlin*.

notice pleadings," those "sparse" allegations were "sufficient to survive a motion to dismiss, as discovery is necessary to explore these issues—both generally, and as they specifically relate to a punitive damages demand." Plaintiff's complaint here meets the standard I laid forth in *Kerlin*, which itself drew from established precedent in this District.[21]  Therefore, I will not dismiss Plaintiff's demands for punitive damages.  "Today's decision is not to be construed as a finding of fact as to a punitive damages award. It is simply too early in this litigation to dismiss this demand without the benefit of discovery, and the ultimate outcome as to punitive damages would be better resolved, if dismissal is appropriate, at a later stage of these proceedings."

### 2. Negligence *Per Se*

Defendants argue that the statutes and regulations that Plaintiff has harnessed in her complaint cannot, as a matter of law, form the basis of a negligence *per se* claim.  Defendants target the following statutes and federal regulations: 75 Pa. C.S. §§ 3310, 3361, 3714, and 3736, and 49 C.F.R. § 392.3.[22]

Here, this Court, as a federal district court exercising its diversity jurisdiction, applies and interprets Pennsylvania substantive law.  "When ascertaining Pennsylvania law, the decisions of the Pennsylvania Supreme Court

---

[21] For example, Plaintiff's complaint contains thirty-six factual allegations stretching over about eleven pages. *See* Doc. 17.

[22] Plaintiffs have pleaded that one Defendant, Charles A. Bussard, pled guilty to a citation for violating these Pennsylvania statutes and that all Defendants violated 49 C.F.R. § 392.3.  *See* Doc. 17 at ¶¶ 39-44.

are the authoritative source."[23] "In the absence of a controlling decision by the Pennsylvania Supreme Court, [this Court] must predict how it would rule if faced with the issue."[24] In making this prediction, this Court must look to "decisions of state intermediate appellate courts, of federal courts interpreting that state's law, and of other state supreme courts that have addressed the issue," as well as to "analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand."[25]

### a. Principles of Negligence *Per Se*

As Justice Christine Donohue of the Supreme Court of Pennsylvania explained in a recent concurrence, the Supreme Court's decision in *Shamnoski v. PG Energy, Div. of S. Union Co.*[26] provides "foundational principles" of the contours of negligence *per se*.[27] "For a legislative enactment to be considered as fixing a standard for all members of the community, from which it is negligence to deviate, the act must first of all provide that under certain circumstances particular acts shall or shall not be done."[28] The *Shamnoski* Court also concluded that for a statute to imbue negligence *per se*, that statute "would have to be so specific as to

---

[23] *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010).
[24] *Id.*
[25] *Id.* at 216-17.
[26] 858 A.2d 589 (Pa. 2004).
[27] *Grove v. Port Auth. of Allegheny Cty.*, 218 A.3d 877, 895 (Pa. 2019).
[28] *Shamnoski*, 858 A.2d at 601 (cleaned up).

leave little question that a person or entity found in violation of it deviated from a reasonable standard of care."[29] In analyzing the first clause of 75 Pa. C.S. § 3361 – one of the statutes at issue here – the *Shamonski* Court found that "it would be impracticable to base a finding of negligence *per se*" upon a statutory provision that only "essentially set[] forth a traditional reasonable man standard" without providing the kind of specificity and particularity I outline above.[30]

### b.     75 Pa. C.S. § 3361

As I stated in my discussion of general principles, the *Shamnoski* Court found that "it would be impracticable to base a finding of negligence *per se*" upon the first clause of this statute, which prohibits a person from driving "a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."[31] While this was not an explicit holding by the *Shamnoski* Court, which was considering a different statute concerning safety standards for dams, I feel comfortable based on this *dicta*, especially with the recent affirmation set forth above, that the Supreme Court of Pennsylvania would hold that the "reasonable and prudent" clause could not sustain a negligence *per se* claim.[32]

---

[29]   *Id.*
[30]   *Id.*
[31]   *Shamnoski*, 858 A.2d at 601; 75 Pa. C.S. § 3361.
[32]   With due consideration and respect for my late colleague, United States District Judge James M. Munley, I do not find his decision in *Broe v. Manns*, No. 3:15CV985, 2016 WL 5394394, at *2 (M.D. Pa. Sept. 27, 2016), dispositive, and I respectfully disagree with his conclusion. First, as may be obvious, Judge Munley was a federal district judge interpreting Pennsylvania law; his interpretation, then, carries less weight than does that of the *Shamnoski* Court.

But the *Shamnoski* Court did not analyze this statute's second clause, which prohibits a person from driving "at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead."[33] In a recent decision, *Smith v. Wells*, the Superior Court of Pennsylvania made the express holding that "a driver's failure to stop in the assured clear distance ahead is negligence *per se*, under the second clause of 75 Pa.C.S.A. § 3361."[34] In explaining this holding, the Superior Court of Pennsylvania interpreted the second clause's prohibition such that it rises above the "traditional reasonable man standard" the *Shamnoski* Court found lacking. Based on the *Shamnoski* principles and the *Smith* decision, I predict that the Supreme Court of Pennsylvania would hold that "driving at any speed that prevents a driver from fully braking before striking a car, pedestrian, or other object ahead," as the Superior Court phrased it, does constitute negligence *per se*. This standard is much more specific than that of

---

    Second, Judge Munley's analysis does not cite to the *Shamnoski* Court or any decision from the Supreme Court of Pennsylvania. Judge Munley relied on Superior Court of Pennsylvania and Third Circuit decisions that hold that "a violation of Pennsylvania's Motor Vehicle Code constitutes negligence *per se*." *Id.* However, close examination of these authorities reveals that they preserve the specificity requirement elucidated by the *Shamnoski* Court: put another way, a violation of *an overly general* section of Pennsylvania's Motor Vehicle Code does not constitute negligence *per se*. For example, *Drew v. Work*, 95 A.3d 324, 338 (Pa. Super. 2014), holds that "[i]t is well-settled that a violation of a provision of the Motor Vehicle Code constitutes negligence *per se*." Yet, two paragraphs later, the court in *Drew* holds that a negligence *per se* charge for a violation of 75 Pa. C.S. § 3714 was inappropriate because "[t]his statute merely recites general negligence principles and a charge related thereto would serve no purpose other than to confuse the jury." *Id.*

33  *Shamnoski*, 858 A.2d at 601; 75 Pa. C.S. § 3361.
34  212 A.3d 554, 555 (Pa. Super. 2019).

a "traditional reasonable man," and does "leave little question that a person or entity found in violation of it deviated from a reasonable standard of care."[35]

Per the above analysis, a violation of the second clause of 75 Pa. C.S. § 3361 would constitute negligence *per se*.  Therefore, I deny Defendants' motion with respect to 75 Pa. C.S. § 3361.

### c. Remaining Pennsylvania Vehicle Code Sections and Federal Regulations

The remaining Pennsylvania Vehicle Code sections and federal regulations violate *Shamnoski*'s prohibition on "essentially set[ting] forth a traditional reasonable man standard."  I find that none of these sections and regulations "leave little question that a person or entity found in violation of it deviated from a reasonable standard of care."  While the Supreme Court of Pennsylvania has not provided an express holding that dictates my conclusion for any of these sections and C.F.R. regulations, other court decisions have provided persuasive authority for some; I note these decisions in citation.  For all of these, I cannot predict that the Supreme Court of Pennsylvania would hold that a violation constituted a deviation from a reasonable standard of care and consequent negligence *per se*.  As such, I grant Defendants' motion with respect to the below statutory sections and federal regulations.

---

[35] *See Hetherington v. Meador*, No. CIV. A. 89-7809, 1992 WL 398365, at *6-*7 (E.D. Pa. Dec. 30, 1992), aff'd, 6 F.3d 779 (3d Cir. 1993).

- **75 Pa. C.S. § 3310(a):** "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway."[36]

- **75 Pa. C.S. §§ 3714(a):** "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving."[37]

- **75 Pa. C.S. § 3736:** "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

- **49 C.F.R. § 392.3:** "No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."

### III. CONCLUSION

Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6) is consequently granted in part and denied in part.

Leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[38] "Futility" means that the complaint, as amended, would fail to state a

---

[36] The Superior Court of Pennsylvania has held that it was acceptable for a trial judge to not give a negligence *per se* instruction based on a violation of this statute. *Phillips v. Lock*, 86 A.3d 906, 917 (Pa. Super. 2014).

[37] The Superior Court of Pennsylvania has held that a negligence *per se* charge based on a violation of this statute "was not warranted," because "[t]his statute merely recites general negligence principles and a charge related thereto would serve no purpose other than to confuse the jury." *Drew v. Work*, 95 A.3d 324, 338 (Pa. Super. 2014)

[38] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993).

claim upon which relief could be granted.[39] Although there is a "liberal pleading philosophy of the federal rules" a court will dismiss the amended complaint in its entirety with prejudice because another opportunity for amendment would be futile.[40] "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."[41]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[39] *Burlington* at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 MOORE'S FEDERAL PRACTICE, *supra* § 15.15[3], at 15–47 to –48 (3d ed. 2000).

[40] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

[41] *Id.*